UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ruyan of America, Inc. and
Ruyan Group (Holdings) Limited,

    Plaintiffs,

v.                                                                    MEMORANDUM OPINION
                                                           AND ORDER
                                        Civil No. 07-4730 (MJD/AJB)

Soterra, Inc.

    Defendant.

_____

    Robert A. Gust and Anne K. Lindeberg, Gust Law Firm, PLLC for and on behalf of Plaintiffs.

    Jeffrey Weiss and Karen J. Sepura, Weiss & Moy, P.C. and John M Weyrauch, Dicke, Billig & Czaja, PLLC for and on behalf of Defendant.

_____

    This matter is before the Court on Defendant Soterra, Inc.'s ("Soterra) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] In response to Soterra's motion to dismiss, Ruyan has submitted an affidavit from William Bartkowski, attached to which are a number of exhibits that are not directly referenced in the Complaint. When determining a motion to dismiss, however, the Court generally must ignore materials outside the pleadings. Exceptions to this rule are materials that are part of the public record or do not contradict the complaint, or materials that are necessarily embraced by the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). None of the exhibits attached to the Bartkowski affidavit fall within these exceptions. Accordingly, the Court will not consider the Bartkowski affidavit, with attached exhibits, in determining the motion to dismiss under Rule 12(b)(6).

1

The Complaint

Plaintiffs Ruyan of America, Inc. ("Ruyan America") a Minnesota corporation and Ruyan Group (Holdings) Limited, a corporation organized and existing under the laws of China (collectively referred to herein as "Ruyan") are owners of a foreign patent that relate to an electronic atomization cigarette. Complaint ¶¶ 2 and 3. Soterra is an Arizona corporation and is currently marketing an electronic atomization cigarette throughout the U.S. Id. ¶ 4.

Ruyan produces an electronic atomization cigarette that resembles a cigar or cigarette and delivers nicotine to a user through an electronic atomization process that involves neither smoke or fire. Id. ¶ 6. Ruyan owns a Chinese patent on this product, and has a patent application pending in the U.S. Patent and Trademark Office. Id. ¶ 7.

In late 2005 and early 2006, Ruyan representatives met with individuals associated with Soterra in order to negotiate the terms upon which Soterra would acquire the marketing and distribution rights for the electronic atomization cigarette in the U.S. Id. Pursuant to those negotiations, Soterra held itself out as Ruyan's agent and representative. Id. ¶ 8. Ruyan later became concerned over the backgrounds of certain Soterra principals, and no marketing or distribution

agreement was reached. Id. ¶ 9. Thereafter, Ruyan America obtained the rights to market the electronic atomization cigarettes in the U.S. Id. ¶ 10.

Soterra entered the electronic atomization cigarette market on its own, and is currently marketing a product that looks virtually identical to Ruyan's product, notwithstanding that several of these features are nonfunctioning and thus not necessary for the product. Id. ¶ 11. Soterra has also made various representations concerning determinations made by various U.S. agencies regarding its product. Id. ¶ 12. For example, Soterra has claimed that it has obtained a determination that the product is not subject to FDA regulations or to oversight by the Bureau of Alcohol, Tobacco, and Firearms. In fact, those determinations were made with respect to Ruyan's product, and Soterra's product has not been subjected to scrutiny by the above agencies. Id.

Ruyan has obtained a specimen of Soterra's product, and based on a visual inspection, it appears the patents have been infringed. Id. ¶ 13. Ruyan further asserts that Soterra intends to launch its product in December 2007, and represented that the product was developed through reverse engineering, and is an improvement over the Ruyan product. Id. "Neither reverse engineering nor improvements to an existing patent eliminate a claim for patent infringement."

Id.

In its Complaint, Ruyan asserts the following causes of action: patent infringement, trade dress, violation of the Lanham Act and breach of fiduciary duty. Since commencing this action, Ruyan has voluntarily dismissed the patent infringement claim.

Standard

When considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Bell Atlantic Co. v. Twombly, ---U.S. ----, 127 S.Ct. 1955 (2007)).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Twombly 127 S.Ct. at 1964-1965 (citations omitted). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1973.

Analysis

    1.  Trade Dress

The trade dress of a product is the "total image of a product, the overall impression created, not the individual features." Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 868 (8th Cir.1994).  The elements of a trade dress infringement claim are: (1) the plaintiff has a protectible interest in its trade dress design, which will be established by evidence that the design (a) is inherently distinctive or is at least descriptive and has acquired secondary meaning among consumers, and (b) is not functional; and (2) that the defendant's use of a similar trade dress design is likely to cause confusion among consumers as to the source of the parties' goods or services.  Rainbow Play Systems, Inc. v. GroundScape Technologies, LLC, 364 F Supp.2d 1026, 1037 (D. Minn. 2005).

In the Complaint, Ruyan alleges that "Plaintiffs have developed certain electronic atomizing cigarettes with a specified design.  Defendant has copied the design, including nonfunctional elements, and is marketing that product as its own."  Complaint ¶ 20.  Ruyan further alleges that "Defendant's actions create a likelihood of confusion in the marketplace."  Id. ¶ 21.

Soterra asserts that Ruyan's trade dress infringement claim must be dismissed as Ruyan has failed to allege that they possess a protectible trade dress with respect to the electronic atomization cigarette, and that Ruyan failed to allege which elements of its electronic atomization cigarette comprise its distinct trade dress. Soterra further asserts that Ruyan failed to allege its trade dress is inherently distinctive or has secondary meaning.

As the Court articulated in Twombly, Ruyan must plead facts sufficient to "raise a right to relief above the speculative level." Id. at 1965. Although close, the Court finds that Ruyan has alleged sufficient facts "above the speculative level" demonstrating a right to relief. Ruyan has alleged that its product has a specific design, and that the parties' products "look virtually identical . . . notwithstanding the fact that there are several nonfunctional features that are not necessary for the product." Complaint ¶ 11. It is also clear from the Complaint that Ruyan developed its product before Soterra. Construing these allegations liberally, and drawing all inferences in favor of Ruyan, it is possible to infer that Ruyan obtained a protectible trade dress in the unique or distinctive design of its product, and that Soterra copied said design, including nonfunctional features, and that Ruyan was damaged as a result.

6

2. Lanham Act

Soterra also moves to dismiss Count III which asserts a violation of the Lanham Act.[2] Section 1125(a)(1)(B) prohibits the use of advertising or promotion that misrepresents the nature, characteristics, qualities or geographic origin of the advertiser's or another person's goods. United Indus. Corp. v. The Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998). The elements of a claim under this provision are: 1) a false statement of fact by the defendant in an advertisement about its own product; 2) the statement actually deceived or has the tendency to deceive a substantial segment of the audience; 3) the deception is material, in that it is likely to influence the purchasing decision; 4) the defendant caused its false statement to enter interstate commerce; and 5) the plaintiff has been or is likely injured as a result. Id. The plaintiff must also show actual damages and a causal link between the defendant's violation and those damages. Id.

Ruyan alleged that Soterra "has made representations about determinations made by various United States agencies regarding its product. Fore [sic] example, it has claimed that it has obtained a determination that the

---

[2] While the Complaint does not specify which provision of the Lanham Act is at issue in Count III, Soterra assumes, and Ruyan concedes, the pertinent provision is Section 1125(a)(1)(B).

product is not subject to FDA regulations or oversight by the Bureau of Alcohol, Tobacco, and Firearms.  In fact, those determinations were made with respect to Plaintiffs product, and Defendant has not subjected its product to such scrutiny." Complaint ¶ 12.  Ruyan further alleges that "Defendant has made various claims to the market and potential investors regarding its product, including claims that the product was patented and claims that Defendants had obtained rulings that its products were not subject to regulation by the Food and Drug Administration or the Bureau of Alcohol, Tobacco and Firearms."  Id. ¶ 24.  "In fact, those statements all apply to Plaintiff's product and Defendant has not obtained such rulings with respect to the knock-off product that it is marketing."  Id. ¶ 25.

 Assuming such facts to be true, and construing all inferences in favor of Ruyan, the Court finds that the above allegations sufficiently put Soterra on notice of its claims under Section 1125(a)(1)(B) of the Lanham Act.  Ruyan alleges that Soterra obtained regulatory rulings concerning the Ruyan product, then misrepresented to the public that such rulings applied to the Soterra product. Soterra also allegedly falsely claimed that its product was patented, when it was not, and that such falsehoods and misrepresentations damaged Ruyan.  From these allegations, the Court may infer that such misrepresentations were material,

and actually deceived. Accordingly, the motion to dismiss this claim must be denied.

3. Fiduciary Duty

In Count IV of the Complaint, Ruyan alleges that the parties were engaged in negotiations to form a business relationship for purposes of marketing and distributing Ruyan's product in the U.S. and that a fiduciary duty arose from such negotiations. Complaint ¶ 28.

To establish a claim of breach of a fiduciary duty, Ruyan must prove 1) the existence of a duty; 2) breach of that duty; 3) causation; and 4) damages. Conwed Corp. v. Employers Reinsurance Corp., 816 F. Supp. 1360, 1362 n. 3 (D. Minn. 1993). Whether such a duty exists is a question of law. Hope v. Klabal, 457 F.3d 784, 791 (8th Cir. 2006).

> State law determines whether a fiduciary relationship exists . . . and under Minnesota law a "fiduciary relationship exists 'when confidence is reposed on one side and there is resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal.' " . . . However, a fiduciary relationship is not established under Minnesota law in the context of commercial transactions simply by a long acquaintance between the parties or by the plaintiff having faith and confidence in the defendant where the plaintiff should have known the defendant was representing an adverse interest.

Id. (internal citations omitted).

Ruyan has not alleged any facts which would support a finding that the parties' negotiations formed a fiduciary duty.

Conceding that this claim may have been pleaded imperfectly, Ruyan asserts it should be able to amend the Complaint to add Mark Weiss as a defendant, or amend to assert the claim as against Soterra for its wrongful use of misappropriated documents and information.  Nonetheless, Ruyan asserts this claim should not be dismissed because Ruyan has alleged that "Defendants obtained certain clearances and rulings with respect to governmental regulations."  Complaint ¶ 29.  By acting as Ruyan's agent, Soterra (or more specifically Weiss) became subject to fiduciary obligations.

While a fiduciary relationship is a broad term, and can be "legal, social, domestic or merely personal", such a relationship "implies a condition of superiority of one of the parties over the other. Generally, in a fiduciary relationship, the property, interest or authority of the other is placed in the charge of the fiduciary." Employers Mutual Casualty Co. V. Collins & Aikman Floorcoverings, Inc., 422 F.3d 776, 780 (8th Cir. 2005).

In this case, the allegations do not support an inference that Soterra (or

10

Weiss) was in a position of superiority over Ruyan, or that Ruyan placed its product in the charge of Soterra. Rather, it appears that Weiss simply sought rulings from regulatory agencies on behalf of Ruyan.

As Ruyan has failed to allege facts sufficient to state a claim for breach of fiduciary duty, dismissal of this claim is also appropriate.

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Doc. No. 12] is GRANTED with respect to Count IV, Breach of Fiduciary Duty, and DENIED with respect to Counts II and III. Claim IV, Breach of Fiduciary Duty, is DISMISSED.

Date: April 6, 2008

                                                s / Michael J. Davis
                                                Michael J. Davis
                                                United States District Court